UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS SPENCER, individually, and as the Personal Representative of the Estate of Thomas R. Spencer,<br><br>   Applicant,<br><br><br>FRONTIER INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  vs.<br><br>CT ACQUISITION CORP., JOHN EVANS MANUFACTURING COMPANY, INC., J. ROE HITCHCOCK, TERRY G. WHITESELL, and TIMOTHY S. DURHAM,<br><br>   Defendants. | 1:04-cv-1788-JDT-TAB |

**ENTRY ON MOTION TO INTERVENE (DOCKET NO. 26)**[1]

Curtis Spencer moves pursuant to Federal Rule of Civil Procedure 24 to intervene in this action brought by a surety, Plaintiff Frontier Insurance Company ("Frontier"), against the principal, CT Acquisition Corp. ("CT"), and others on a certain bond in the sum of $1,200,000 and indemnity agreement. Frontier opposes the motion. CT has not responded to the motion, though the time for doing so has passed.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

**I. Background**

On December 14, 1999, CT as principal and Frontier as surety executed a Business Buy-Out Bond ("Bond") in the sum of $1,200,000 in favor of Curtis Spencer and other obligees, securing certain obligations of CT under a Stock Purchase Agreement dated September 3, 1999. The principal payment was due on January 1, 2005, with interest due monthly during the five-year term. Under the terms of the Bond, "in the event of default under the Agreement, [Frontier, as] Surety, shall become liable for the immediate payment to [Spencer] of all amounts due or to become due under the Agreement. (Compl., Ex. B.)

On December 13, 1999, in order to secure itself against potential liability under the Bond, Frontier obtained a General Agreement of Indemnity ("GAI" or "Agreement") from CT, its affiliates and subsidiaries, J. Roe Hitchcock, Timothy S. Durham, and Terry Whitesell. Pursuant to the GAI, the Defendants agreed, inter alia, to indemnify and hold Frontier harmless from any and all losses by reason of executing the Bond, and "[u]pon written demand from [Frontier], to deposit with [Frontier] funds to meet all its liability under said bond or bonds promptly on request and before it may be required to make any payment thereunder[.]" (Compl., Ex. A.)

According to Mr. Spencer, on June 1, 2002, CT defaulted under the Agreement, owing him $921,720 under the Bond, and he demanded that Frontier make immediate payment of the amounts due and owing.

2

Frontier entered rehabilitation in the State of New York, where it is incorporated and has its principal place of business.  The New York court entered an Order of Rehabilitation on October 15, 2001, declaring Frontier insolvent, appointing a Rehabilitator, and authorizing the Rehabilitator to take possession of Frontier's property and conduct its business.  The court's order contains an anti-suit injunction: "All persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier, or the . . . Rehabilitator[.]"  (Order Rehab. ¶ 7.)

Subsequently, on September 13, 2002, Mr. Spencer commenced an action against Frontier in South Carolina state court, seeking recovery under the Bond.  The action was removed to the United States District Court for the District of South Carolina, and is currently pending as Civil Action No. 3:02-3431-17 in the Columbia Division.  On May 28, 2003, the South Carolina district court, under the doctrine known as *Burford* abstention, *see Burford v. Sun Oil*, 319 U.S. 315 (1943), stayed the action pending completion of the rehabilitation proceedings in New York.

Thereafter, on October 29, 2004, Frontier commenced this action, seeking a declaratory judgment that the GAI is valid and enforceable and obligates the Defendants to indemnify Frontier for any losses that it may incur as a result of its execution of the Bond.  Frontier seeks a judgment ordering that CT pay Frontier $921,720, plus interest, and an amount sufficient to protect Frontier from any sum that may be awarded as attorney's fees against it in the South Carolina action; that CT be ordered to deposit with the Clerk of the Court a sufficient sum to be held as security for the indemnity obligations running in favor of Frontier; or alternatively, that a receiver be

appointed to receive and conserve the assets of CT, pending reimbursement to Frontier of its losses incurred in executing the Bond.  Finally, Frontier seeks specific performance of the GAI and a judgment against the Defendants in the amount of $1,2000,000.  Mr. Spencer seeks to intervene, stating he seeks to protect his interest in the funds demanded by Frontier from the Defendants in this action.

**II.  Discussion**

Mr. Spencer moves to intervene, arguing that the Defendants do not owe Frontier anything if Frontier is not liable to him.  It appears that he invokes Rule 24(a)(2) and 24(b)(2) only; he has not identified any statute giving him a right to intervene, as required under Rule 24(a)(1) and (b)(1).

A party seeking to intervene as a matter of right under Rule 24(a)(2) must show: (1) timeliness of the application, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without him, and (4) that the interest cannot be adequately protected by the existing parties.  *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984).[2]  If the applicant does not carry his burden of satisfying each of these requirements, *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir.1985), the court must deny

---

[2] The timeliness of the motion to intervene has not been questioned, so the court does not discuss that requirement.

the application.  *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985).

Frontier contends that Mr. Spencer has no interest in the subject matter of this action, namely, the GAI.  An interest within the meaning of Rule 24(a)(2) is a "direct, significant, legally protectable" one.  *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995).  Under Seventh Circuit case law, when deciding whether this requirement is satisfied courts "focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues."  *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995).  In Frontier's action, the threshold issues to be decided are whether the GAI is valid and enforceable as against the Defendants and whether the GAI obligates them to indemnify Frontier for any losses that it may incur as a result of its execution of the Bond.  If these issues are decided in favor of Frontier, then the issue of whether the Defendants are liable to Frontier under the GAI in the amounts requested arises.  Mr. Spencer is not a party to the GAI and has no direct relationship with that Agreement.  Instead, his interest is in the outcome of this action.  He has a claim against Frontier that he has asserted in the South Carolina action, and it is through intervention here that he hopes to preserve as much of that claim as possible.  Thus, his interest in this action is the type of interest that the Seventh Circuit has illustrated as one for which intervention is inappropriate; in other words, he has not shown a legal interest in the original action.  *See Reich*, 64 F.3d at 322-23; *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 203-04 (7th Cir. 1982) (affirming denial of brothers' motion to intervene in action regarding a partnership

agreement where brothers had economic interest in but no legal interest in partnership agreement); *accord Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene").  Although Mr. Spencer has an interest that may be affected by this action, the court concludes that he has only an indirect interest relating to the subject matter of this action.

Regarding the third requirement for intervention as of right, the Seventh Circuit has said that "[t]he existence of 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding.  Potential foreclosure is measured by the general standards of stare decisis."  *Meridian Homes*, 683 F.2d at 204 (citations omitted).  Mr. Spencer has not shown that a determination of whether the Defendants are liable to Frontier under the GAI would have any preclusive effect on his right to assert his claims against Frontier under the Bond.  Thus, like the brothers who sought to intervene in *Meridian Homes*, Mr. Spencer has not shown a potential impairment of his interests if this action were to be resolved in his absence.  *See id.* at 204-05.  If the court must reach the question of what amounts the Defendants are liable to Frontier under the GAI, this likely would require a determination of what amounts are owed by Frontier to the obligees under the Bond.  However, adjudication of this matter would not be res judicata as to Mr. Spencer as he is not a party to this action.

Moving on to the final requirement for intervention as of right, the court finds that Mr. Spencer has not shown that his interest in the outcome of this action cannot be

6

adequately protected by Frontier.  "Where the interests of the original party and of the intervenor are identical–where in other words there is no conflict of interest–adequacy of representation is presumed."  *Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996), *rev'd on other grounds*, 531 U.S. 159 (2001); *see also Shea v. Angulo*, 19 F.3d 343, 348 (7th Cir. 1994) (affirming denial of motion to intervene of alleged partner of plaintiff in breach of contract action where alleged partner and plaintiff had same goal in litigation: to maximize recovery from defendant).  "[A] putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action."  *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990).  Frontier's action against the Defendants, if Frontier prevails, could further Mr. Spencer's interest---an award to Frontier could allow Frontier to satisfy its obligation, if any, to Mr. Spencer (or at least may place it in a better position to do so).  Mr. Spencer's objective in this litigation is the same as Frontier's—to obtain money from the Defendants to cover Frontier's potential liability to Spencer in the South Carolina action.  Thus, in this case, Frontier and Mr. Spencer have an identity of interest.

Therefore, the court finds that Mr. Spencer has not shown that he meets all four criteria for intervention as of right under Rule 24(a)(2).  However, the court also considers whether intervention should be allowed under Rule 24(b)(2).  A party seeking to be permitted to intervene under Rule 24(b)(2) must show a question of law or fact in common with the main action, and independent jurisdiction.  *Sec. Ins. Co. of Hartford*,

69 F.3d at 1381.  Whether to allow intervention under Rule 24(b) is within the district court's sound discretion.  *Id.*

Mr. Spencer has pointed to no common question of law or fact between his action against Frontier and Frontier's action in this case against the original Defendants. The threshold factual and legal questions in this action involve the making of the GAI and the liability of the Defendants to Frontier.  If there is any overlap between the factual and legal questions raised by Mr. Spencer's South Carolina action seeking to enforce Frontier's obligations to Spencer under the Bond and this action, the common questions are not threshold ones.  Even if there is a common question of law or fact between the intervenor complaint and the original action, the court in its discretion declines to allow intervention here.  The reason for this is because having sued Frontier in South Carolina and that action having been stayed by the district court, Mr. Spencer's motion to intervene appears to be an attempt to get an end-run around that stay.

The court finds support for its exercise of discretion in *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419 (7th Cir. 1990), where the court in a similar situation adopted a position like that taken by the South Carolina district court. In *Hartford Casualty*, an Illinois state court placed an insurance company in rehabilitation and issued an order enjoining all actions against the company, its directors, officers or stockholders.  Hartford filed a claim to recover various reinsurance obligations owed by the insurance company and then filed an action in federal court against the insurance company's parent and the parent's subsidiaries.  *Id.* at 421.  The Seventh Circuit affirmed the district court's decision to abstain under *Burford*.  The court

recognized that most states, under their powers to regulate the insurance industry from the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, have adopted statutes governing the rehabilitation and liquidation of insolvent insurers, and that "the states . . . have the paramount interest in a uniform insurance rehabilitation process."  *Id.* at 426.  Because deciding Hartford's claims necessitated a determination of the existence of liability and the amount of damages that the insolvent insurer owed Hartford, the court declined to interfere with the ongoing state insurance rehabilitation proceedings, and affirmed the stay.  *Hartford Cas. Ins. Co.*, 913 F.2d at 424-27.  In doing so, the court noted that Hartford's suit was an attempt to jump ahead of the insurance company's other creditors.  *Id.* at 426.

The South Carolina court's decision to stay of Mr. Spencer's action against Frontier pending Frontier's rehabilitation in New York seems consonant with *Hartford Casualty Insurance*.  It is appropriate to decline to allow intervention here because intervention could interfere with the ongoing rehabilitation proceedings in New York and would give Mr. Spencer a vehicle in which to cut in the line ahead of Frontier's other creditors.  Moreover, Mr. Spencer seems quite confident that the South Carolina court will lift the stay in that action and, indeed, filed a motion to lift stay in August 2005.  The South Carolina district court can protect Mr. Spencer's interests in the action pending there.  Therefore, the court declines to allow Mr. Spencer to intervene under Rule 24(b)(2).

### III.  Conclusion

Accordingly, Curtis Spencer's Motion to Intervene (Docket # 26) is **DENIED**.

ALL OF WHICH IS ENTERED this 18th day of October 2005.

                                                     _____
                                                     John Daniel Tinder, Judge
                                                     United States District Court

Copies to:

David C. Holler
Lee Erter Wilson James Holler & Smith
davidholler@leeandmoise.com

Neil E. Lucas
nelattorney@msn.com

Stephen Edwards Plopper
Stephen Plopper & Associates
splopper@sploplaw.com

Thomas E. Roma Jr.
Parker & O'Connell
troma@parkeroconnell.com

Christopher R. Taylor
Lewis & Kappes
ctaylor@lewis-kappes.com

James E. Zoccola
Lewis & Kappes
jzoccola@lewis-kappes.com

Magistrate Judge Time A. Baker